

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 1, 1957

Honorable Wm. J. Burke
Executive Director
State Board of Control
Austin, Texas

Opinion No. WW-158

RE: In building projects
which are designed by
the Board for Texas
State Hospitals and
Special Schools, is
the exclusive autho-
rity and duty to enter
into the building con-
tract on behalf of the
State vested in the
Hospital Board or in
the Board of Control?

Dear Mr. Burke:

And related questions.

You have requested an opinion on the following
questions:

1. In building projects which are designed by
the Board for Texas State Hospitals and Special
Schools, is the exclusive authority and duty to
enter into the building contract on behalf of the
State vested in the Hospital Board or in the Board
of Control?

2. In building projects which are designed
by the Board for Texas State Hospitals and Special
Schools, is the exclusive authority and duty to
prescribe (a) the forms and (b) the conditions
upon which bids are submitted to the State vested
in the Hospital Board or in the Board of Control?

3. In the event that the answer to either
of the above questions is that such authority and
duty are vested in the Hospital Board, does the
Board of Control have the authority to disapprove
and reject the contracts entered into by the Hos-
pital Board in the event it is made to appear to
the Board of Control that the bid forms and con-
ditions prescribed and used by the Hospital Board
in arriving at the contract price result in a
substantial unnecessary expense to the State?

4.  Do documents, such as the invitation to bid, the instructions to bidders and the bid proposal form, constitute a part of the contract or agreement, or do they constitute a part of the plans and specifications?

These questions are propounded in view of Article 7047c-1 Sec. 3(d) V.A.C.S. a part of Chapter 1, Acts of First Called Session 51st Legislature (1950) reading as follows:

"Sec. 3. (d)  All funds credited to the State Hospitals and Special Schools Building Fund under this Act are hereby appropriated to the Board for Texas State Hospitals and Special Schools for the purpose of constructing, repairing and equipping such buildings as in the opinion of the Board are necessary to the proper care of those committed or to be committed to such hospitals and special schools according to the law. Provided, however, the fees paid to an architect shall not exceed six per cent (6%) for the plans, specifications and supervision of said building and all contracts made for and the final acceptance in connection with such construction other than the plans and specifications, shall be subject to the review and approval of the Board of Control."
(Emphasis supplied)

The Hospital Board was created by House Bill No. 1 page 588, Acts 1949 Regular Session (Article 3174b V.A.C.S.) and Section 2 of said Act, with reference to the powers of the Hospital Board, provides as follows:

"Sec. 2. * * * * * * Effective September 1, 1949, the control and management of, and all rights, privileges, powers, and duties incident thereto including building, design and construction of the Texas State Hospitals and Special Schools which are now vested in and exercised by the State Board of Control shall be transferred to, vested in, and exercised by the Board for Texas State Hospitals and Special Schools. Provided, however, that the Board of Control shall continue to handle purchases for such institutions in the same manner as they do for other State agencies."

Attention is also called to the fact that the above Act creating the State Hospital Board was approved by the Governor and became effective on June 4, 1949. At the

same Legislature there was passed Senate Bill 97, Chapter 323, Acts of the 51st Legislature, Regular Session, page 606, an amendment to Article 681, which specifically provided that the Board of Control should design all public buildings except those of the Prison System and the Hospital Board. This was approved by the Governor and became effective June 7, 1949.

It is clear that under the two statutes above mentioned, the Legislature intended to deprive the Board of Control of all power or duty with reference to the construction of buildings for hospitals.

At the outset, attention is called to the fact that this statute (7047c-1) was originally only a very small portion of a tax statute, to-wit, Acts 1950, 51st Legislature, 1st Called Session, Chapter 1, page 1, which was an amendment to a previous tax statute originally enacted in 1935 and amended practically at each session of the Legislature.

This 1950 statute, which contains Article 7047c-1 amended Section 3 of the 1935 act and incidentally provides that it is amended "so as to hereafter and until August 31, 1957, reads as follows". It then divides Section 3 into seven paragraphs.

We do not believe that the Board of Control has any authority other than to review and pass upon the contracts after they have been completely entered into by the Hospital Board.

It is our opinion that the Legislature in enacting the above Act (V.A.C.S. Art. 3174b) creating the Board for State Hospitals and Special Schools transferred from the Board of Control to the Texas Board for State Hospitals and Special Schools (hereinafter referred to as Hospital Board), the responsibility and power to negotiate, prescribe the form of bids and make contracts for the building and construction of State Hospitals and Special Schools. Section 2 of the Act expressly states that building, design and construction of Texas State Hospitals and Special Schools are included in the rights, privileges and duties transferred to the Hospital Board. It is our opinion that the Legislature having expressly transferred to the Hospital Board the responsibility and duty of building, designing and constructing State Hospitals and Special Schools, also transferred to and invested in the Hospital Board the power necessary to carry out such responsibilities and duties.

Section 2 of the Act also expressly provides that

Hon. Wm. J. Burke, page 4    (WW-158)

the Board of Control shall continue to "handle purchases" for the State Hospitals and Special Schools. It is our opinion that the word "purchasing" as used in the section and read in context with the other words and phrases of the section, does not include the responsibility and power to contract for building and construction of State Hospitals of Special Schools or the power to prescribe the form of bids or the manner of bidding for such building contracts. The Legislature in Section 2 spells out building, design and construction as rights, privileges and duties separate from purchasing, and it transfers the building, design, and construction rights, privileges and duties to the Hospital Board and retains the "handling of purchases" in the Board of Control. It is our opinion that the power to make contracts necessarily follows the responsibility of building and constructing the State Hospitals and Special Schools.

Therefore, in answer to questions 1 and 2, it is our opinion that in building projects which are designed by the Board of Texas State Hospitals and Special Schools, the exclusive duty and authority to enter into building contracts on behalf of the State is vested in the Texas Board for State Hospitals and Special Schools, and the exclusive duty and authority to prescribe the forms and conditions upon which bids for such building and construction contracts are to be submitted to the State are vested in the Board for Texas State Hospitals and Special Schools.

With reference to building construction contracts made by the Hospital Board before August 31, 1957, it is our opinion that subsection (d) of Section 3 of Article 7047c-1 as amended, vests in the Board of Control the authority to review and approve such contracts. Upon a fact finding by the Board of Control that such contract results in a substantial unnecessary or unreasonable expense to the State, the Board of Control has the authority to disapprove such contract. However, the Board of Control cannot arbitrarily disapprove the contract. (Attorney General's Opinion V-1462, 1952). It is our opinion that the Board of Control must review each contract, and before it can disapprove the contract, it must make a finding that the contract results in an unreasonable or a substantial unnecessary expense to the State, or base its disapproval on some other legal ground.

Therefore, in answer to question 3, it is our opinion that the Board of Control has the authority to review and disapprove a building contract made before August 31, 1957 by the Hospital Board, if the Board of Control on review of such contract makes a finding as above set out. However, after August 31, 1957, the Board of Control has no authority to review and disapprove

building contracts entered into by the Hospital Board.

We answer question number 4 by saying that in our opinion such documents as the invitation to bid, bid proposals, instructions to bidders, are independent documents and do not constitute a part of the contract agreement unless expressly incorporated into the contract agreement. The documents although closely related to the plans and specifications do not constitute a part of the plans and specifications. Such documents are independent.

We again call attention to the provision of the 1950 Act (V.A.C.S. 7047c-1) and Section 2 thereof which states that the cigarette tax revenue allocation to the Hospital Board Building Fund shall terminate August 31, 1957. The 55th Legislature of 1957 did not reenact the cigarette tax revenue allocation to the Hospital Board, not did it reenact the provisions giving the Board of Control authority to review and approve building construction contracts made by the Hospital Board. It is, therefore, our opinion that all building construction contracts made before August 31, 1957 by the Hospital Board, pursuant to Article 7047c-1, as amended, are subject to review and approval by the Board of Control. However, after August 31, 1957, the authority of the Board of Control to review and approve building contracts of the State Hospital Board terminates and building contracts made by the Hospital Board are not subject to review and approval by the Board of Control.

## SUMMARY

1. In building projects which are designed for Texas State Hospitals and Special Schools, the exclusive authority and duty to enter into the building contracts is vested in the Hospital Board.

2. In building projects which are designed for Texas State Hospitals and Special Schools, the exclusive authority and duty to prescribe the forms and conditions upon which bids are submitted is vested in the Hospital Board.

3. The Board of Control cannot arbitrarily disapprove a contract made by the Hospital Board, and before disapproving the contract, it must make a finding that the contract results in an unreasonable or a

substantial unnecessary expense to the
State or base its disapproval on some
other legal grounds.

4.  Documents such as the invitation to bid,
bid proposal, instructions to bidders do
not constitute a part of the contract agree-
ment and do not constitute a part of the
plans and specifications.

5.  After August 31, 1957, the authority of
the Board of Control to review and approve
building contracts under Article 7047c-1
Sec. 3(d) terminates, and building con-
tracts with the Hospital Board thereafter
are not subject to review and approval by
the Board of Control.

Yours very truly,

WILL WILSON
Attorney General of Texas

By H. Grady Chandler
Assistant

APPROVED:

OPINION COMMITTEE:
James N. Ludlum, Chairman
Arthur Sandlin
E. M. DeGeurin
Richard B. Stone
B. H. Timmins, Jr.

REVIEWED FOR THE
ATTORNEY GENERAL
By Geo. P. Blackburn

HGC:jas